IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25-CV-203-FL

| | | |
|---|---|---|
| NIGEL MAX EDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA | ) | |
| (VETERAN'S AFFAIRS), | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motions for default judgment, and to expedite. (DE 4, 5, 8). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiffs' complaint be dismissed for lack of subject matter jurisdiction and the motions be denied as moot. (DE 10). Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. Id. The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

1

The magistrate judge recommends dismissal for lack of subject matter jurisdiction. Upon de novo review of the M&R and plaintiff's objections, the court finds the magistrate judge's analysis to be thorough and correct. This court lacks subject matter jurisdiction due to plaintiff's failure to exhaust properly his claims under the Federal Tort Claims Act ("FTCA"). In particular, "[w]hen filing suit under the FTCA, plaintiffs must satisfy certain jurisdictional prerequisites." Est. of Van Emburgh by & through Van Emburgh v. United States, 95 F.4th 795, 800 (4th Cir. 2024). One of these is that a plaintiff must "'present [his] claim to the appropriate Federal agency,'" as the first "administrative exhaustion requirement" for a suit under the FTCA. Id. at 801 (quoting 28 U.S.C. § 2675(a)).

Here, plaintiff has not demonstrated he presented his claim to the appropriate Federal agency, the United States Department of Veterans Affairs ("VA"). Although plaintiff attaches a claim form to his complaint (DE 1-2) it states it was submitted to "1301 K Street N.W., Suite 250E, Washington D.C. 20005," (DE 1-2), which the magistrate judge determined is an "address associated with the National Mediation Board-not to the VA as required by the exhaustion statute." (M&R (DE 10) at 6). Plaintiff's objections do not address this shortcoming, which "is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Plaintiff points, instead, to multiple other suits that he has filed against VA, but "the filing of a suit does not provide sufficient notice to the federal agency." Id. at 124.

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge as its own, and plaintiffs' action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk of court is DIRECTED to TERMINATE as moot plaintiff's motions (DE 4, 5, 8), and to close the case.

SO ORDERED, this the 16th day of September, 2025.

                                                                           LOUISE W. FLANAGAN
                                                                           United States District Judge